L. PUPPOVICH v. GALVESTON, HOUSTON & HENDERSON RAILROAD COMPANY.

Decided January 29, 1907.

**1.—Locomotive Whistle—Frightened Horse—Personal Injuries.**

In an action for personal injuries resulting from the fright of a horse caused by a locomotive, the liability of the railroad company depends upon three conditions. First, the presence of the horse must have been known to the engineer; second, the probability of causing fright to the horse, and consequent disaster, must have been apparent to a person of ordinary prudence, *situated as was the engineer;* and third, the noise causing the fright must have been due to causes under the engineer's control and must have resulted from the failure on his part to use ordinary care to prevent them.

**2.—Same—Liability—Issue of Fact.**

In a case where plaintiff's horse was frightened by the blowing of a loco-motive whistle and plaintiff was injured, evidence considered, and held to raise an issue of fact as to the negligence of defendant which should have been submitted to the jury.

Appeal from the District Court of Galveston County. Tried below before Hon. Robert G. Street.

*John C. Walker,* for appellant.

*M. E. Kleberg,* for appellee.—It is not incumbent as a duty upon the servants of a railroad to watch for teams near the track, and to so operate the engine as not to frighten them. It is their duty, however, to desist for a reasonable time, from making any noises that may be avoided consistently with their other duties when they become aware that an unmanageable team is near the track. Hargis v. St. L. A. & T. Ry. Co., 75 Texas, 20; San Antonio & A. P. Ry. Co. v. Belt, 59 S. W. Rep., 611; Beaumont Pasture Co. v. Sabine & E. T. Railroad, 41 S. W. Rep., 190; Gulf, C. & S. F. Ry. Co. v. Hord, 87 S. W. Rep., 848.

The court did not err in instructing a verdict for the appellee in this case because from all the evidence adduced there is no room for ordinary minds to differ as to the conclusions to be drawn from it, to the effect that it does appear therefrom, as a matter of law, that the operatives of appellee's engine were not guilty of any negligence. House v. Robert-son, 89 Texas, 681; Joske v. Irvine, 91 Texas, 574; San Antonio & A. P. Ry. v. Morgan, 92 Texas, 98, 103; Texas Loan Agency v. Fleming, 92 Texas, 458.

REESE, ASSOCIATE JUSTICE.—In this case appellant, plaintiff in the court below, sues appellee to recover damages for personal injuries al-leged to have been occasioned by his horse taking fright at the whistling of an engine of appellee, on its track on the wharf front in the city of Galveston, in close proximity to the horse. In endeavoring to control the horse appellant was thrown and injured. The trial court instructed the jury to return a verdict for defendant. From the judgment the plaintiff Puppovich appeals.

The evidence tended to establish the following facts: Upon the occa-sion of the accident appellant had driven in a cart down to the wharf front in the city of Galveston. While sitting in his cart near the track, and between the track and the edge of the wharf, facing east appellant noticed an engine on appellee's track coming from the east, and just across 18th Street. When appellant noticed the engine it was about 25 feet from the street on the east side thereof. Appellant was a short dis-tance west from the street. It is impossible to tell from the testimony, except approximately, the distance from appellant to the engine when he first noticed it coming. He says that the distance was 50 or 60, but whether yards or feet we can not tell. As soon as appellant saw the engine moving, apprehending that his horse would probably be fright-ened, he got out of his cart and went to his horse's head to hold him. There was evidence from which the jury might have found that those

in charge of the engine saw appellant when he got out of his cart and took hold of his horse, and that they saw him standing at his horse's head when the engine got opposite to where he stood. The horse stood perfectly quiet and was not frightened by the moving train. After the engine had passed the horse, about 10 feet, the engineer gave two short whistles from the engine at which the horse took fright and ran off and in attempting to hold him appellant was thrown and injured. There was no evidence showing directly any necessity for the blowing of the whistle at the time, but it was shown that the place where the accident occurred was on the wharf front, with the ordinary conditions of busy traffic, persons and teams passing and repassing and such as to authorize the presumption, in the absence of evidence to the contrary, that the blowing of the whistle was proper in the prosecution of appellee's business.

If those in charge of the engine saw appellant and from the circumstances of his getting out of his wagon and holding his horse knew or had reasonable ground to believe that the blowing of the whistle in such close proximity to the horse would frighten him, and cause him to run away, it was their duty to refrain from blowing the whistle unless it was necessary to do so to avoid some other danger which could not have been otherwise prevented, of which there is no evidence. The doctrine is thus stated in San Antonio & A. P. Ry. Co. v. Belt (59 S. W. Rep., 611): "Independent of the other issues in the case, what then was necessary to be shown in order to render the company liable for injuries resulting from the fright of the horse caused by the noise of the engine, under the facts of this case? First, the presence of the horse should have been known to the operatives of the engine; second, the probability of causing fright to the horse, and consequent disaster, should have been apparent to a person of ordinary prudence, situated as the engineer then was; third, the noise causing the fright should have been due to causes under the engineer's control, and such noises should have resulted from the failure on his part to exercise ordinary care to prevent them. If these facts concur, and the person injured was exercising ordinary care, the company is liable."

We think that the evidence was sufficient to require this issue to be submitted to the jury, and that the trial court erred in instructing a verdict for the defendant. The judgment is reversed and the cause remanded.

*Reversed and remanded.*